**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **BEATRIZ HERRERA DIAZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1171-KC** |
| | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY,** | § | |
| | § | |
| **Respondent.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Beatriz Herrera Diaz's Petition for a Writ of Habeas Corpus, ECF No. 3.  Herrera Diaz is detained at the El Paso Service Processing Center in El Paso, Texas.  *Id.* ¶ 2.  She argues that her detention is unlawful and asks the Court to order a bond hearing.  *Id.* ¶¶ 13, 15.

Herrera Diaz entered the United States  without inspection on July 29, 2023.  *Id.* ¶ 13; Resp. 3, ECF No. 6.  She was issued a Notice to Appear and released.  *See* Resp. Ex. A ("Notice to Appear"), ECF No. 6-1.  Herrera Diaz was subsequently granted employment authorization through February 27, 2029.  Pet. ¶ 13.  On April 8, 2026, Herrera Diaz was taken into immigration custody and detained.  *See id.*; Resp. 3–4; Resp. Ex. B ("Form I-830E").

In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Herrera Diaz's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)."  Show Cause Order 2.  The Court thus asked Respondent to engage with its prior decisions and "explain whether the facts of Herrera Diaz's case warrant a different outcome."  *Id.*

Respondent argues that Herrera Diaz's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.

Construing the Petition liberally, Herrera Diaz challenges her detention as unlawful on both statutory and constitutional due process grounds.  *See* Pet. ¶¶ 13, 15; *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (construing pro se litigant's filing liberally); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Herrera Diaz's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondent is correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Herrera Diaz's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondent's arguments or else need not reach them.  *Compare* Resp. 1–23, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct.

30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondent has not identified any material differences between Herrera Diaz's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Herrera Diaz's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Herrera Diaz's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before May 8, 2026**, Respondent shall either: (1) provide Herrera Diaz with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Herrera Diaz's continued detention; or (2) release Herrera Diaz from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before May 8, 2026**, Respondent shall **FILE** notice informing the Court whether Herrera Diaz has been released from custody.  If Herrera Diaz has not been released from custody, Respondent shall inform the Court whether and when a

---

[1] To the extent there are fact disputes, the Court resolves them in Respondent's favor, *see* Resp. 3–4, and therefore grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Herrera Diaz's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

bond hearing was held in accordance with the preceding paragraph.  Respondent shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Herrera Diaz is released from custody, Respondent shall **RETURN** all of her personal property in its custody, without which her liberty interest will be affected, to her upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the May 8, 2026, deadlines**.

**Respondent is CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondent's obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 4th day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE